THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STELLAR, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MOTOROLA SOLUTIONS, INC., and<br>WATCHGUARD VIDEO, INC.,<br><br>    Defendants. | Civil Action No. 4:23-cv-750-SDJ |
| MOTOROLA SOLUTIONS, INC., and<br>WATCHGUARD VIDEO, INC.,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>STELLAR, LLC,<br><br>    Counterclaim Defendant. | |

**MOTOROLA'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 114)**

███████████

## TABLE OF CONTENTS

**Page**

A.    The Court Should Grant Summary Judgment On Stellar's Admittedly Undisclosed And Unsupported Theory Of Infringement Under The Doctrine Of Equivalents. ................................................................. 1

B.    The Court Should Also Grant Summary Judgment On Stellar's Literal Infringement Theory. ............................................................................ 7

███████████████

# TABLE OF AUTHORITIES

Page

CASES

*Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*,
2014 WL 12597150 (C.D. Cal. June 13, 2014) ........................................................3

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..................................................................................................3

*Centricut v. Esab Group*,
390 F.3d 1361 (Fed. Cir. 2004)..............................................................................8, 9

*Eli Lilly & Co. v. Hospira, Inc.*,
933 F.3d 1320 (Fed. Cir. 2019)...............................................................................5

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
2016 WL 7666160 (E.D. Tex. Dec. 5, 2016)............................................................3

*GREE, Inc. v. Supercell Oy*,
2020 WL 3893697 (E.D. Tex. July 9, 2020) ............................................................6

*HVLPO2 v. Oxygen Frog*,
2018 WL 2041372 (N.D. Fla. Jan. 16, 2018) ..........................................................9

*Innovation Scis., LLC v. Amazon.com, Inc.*,
No. 4:18-CV-474, 2021 WL 2075677 (E.D. Tex. May 24, 2021), *aff'd*, No.
2021-2111, 2022 WL 2824675 (Fed. Cir. July 20, 2022) ........................................6

*Intellicall, Inc. v. Phonometrics, Inc.*,
952 F.2d 1384 (Fed. Cir. 1992)................................................................................3

*London v. Carson Pirie Scott & Co.*,
946 F.2d 1534 (Fed. Cir. 1991)................................................................................7

*Mettler-Toledo, Inc. v. Fairbanks Scales, Inc.*,
No. 06-CV-97, 2008 WL 11348468 (E.D. Tex. Oct. 27, 2008) ........................7, 10

*Moleculon Research v. CBS*,
793 F.2d 1261 (Fed. Cir. 1986)................................................................................9

███████████

## TABLE OF AUTHORITIES
### (continued)

**Page**

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
    521 F. 3d 1351 (Fed Cir. 2008)..................................................................6

*Schoell v. Regal Marine Indus., Inc.*,
    247 F.3d 1202 (Fed. Cir. 2001)..................................................................7

*Schumer v. Lab'y Comput. Sys.*,
    308 F.3d 1304 (Fed. Cir. 2002)..................................................................8

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
    2024 WL 992147 (E.D. Tex. Mar. 6, 2024) ...........................................2, 4

*Sonos, Inc. v. D&M Holdings Inc.*,
    2017 WL 5633204 (D. Del. Nov. 21, 2017) .............................................3

*Sycamore IP Holdings LLC v. AT&T Corp.*,
    2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ...........................................2

*ViaTech Techs. Inc. v. Microsoft Corp.*,
    733 F. App'x 542 (Fed. Cir. 2018) ...........................................................2

*Vita-Mix v. Basic Holding*,
    581 F.3d 1317 (Fed. Cir. 2009)..................................................................9

*WCM Industries v. IPS*,
    721 F. App'x 959 (Fed. Cir. 2018) ...........................................................9

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 13 | Motorola's Response to Stellar's Interrogatory No. 9 (dated Apr. 18, 2024) |

*\*All exhibits are to the Declaration of Maeve P. Dineen filed herewith.*

*\*\*Emphasis added and internal citations and quotations omitted herein unless noted otherwise.*

Stellar admits it did not disclose a DOE theory and never asked for permission to do so. Stellar fails even now to identify any facts supporting DOE infringement. And Stellar's reasons to seek to "reserve" DOE flout both common sense (no court should be required to construe every term in every asserted claim of every asserted patent) and the law (accused infringers, may, in fact, defend themselves by asserting non-infringement based on the plain and ordinary meaning of claim terms not construed otherwise). The point of the Court's rules is to narrow the disputes for trial to those that were properly raised and for which there is factual support. Stellar's attempted reservation of a DOE infringement claim fails on both counts.

So, too, does Stellar's effort to preserve a literal infringement theory without an expert to present it. True, in the simplest of cases an expert may not be required. But this case involves complex camera and video memory technologies that will be unfamiliar to a lay juror. Because the supplemental report of Mr. McAlexander should be struck for the reasons described in Motorola's accompanying motion, and because it is plainly insufficient even if considered, summary judgment of no literal infringement is also appropriate.

## A.    The Court Should Grant Summary Judgment On Stellar's Admittedly Undisclosed And Unsupported Theory Of Infringement Under The Doctrine Of Equivalents.

Stellar readily concedes it "is not currently offering a [Doctrine of Equivalents, or "DOE"] infringement theory." Dkt. 122 at 1, 13-15. Stellar does not dispute that in its mandatory Local Patent Rules ("LPR") Infringement Contentions and discovery responses it only "reserve[d] the right" to assert DOE. *Id*. at 2-3. Nor does Stellar dispute that it "has not requested or obtained leave to amend or supplement its Infringement Contentions to include any DOE infringement theory." *Id*. at 3.

These admitted failures doom Stellar's effort to maintain the undisclosed and unsupported DOE theory of infringement. To start with, Stellar has waived the DOE argument – even after fact and expert discovery have closed, and long after the required disclosures (discussed immediately below), all Stellar does is ask to "reserve" DOE for possible use at trial, and it has admittedly never provided the required particularized explanation or any supporting evidence or expert opinion. That is waiver. *See ViaTech Techs. Inc. v. Microsoft Corp.*, 733 F. App'x 542, 553-54 (Fed. Cir. 2018); *see also* Motorola's Reply in Support of Its Motion to Strike McAlexander Report, filed concurrently, Section D.

But even if not waived, Stellar's DOE "reservation" fails. In this Court, all infringement theories must be disclosed in timely served infringement contentions and any amendments require leave of Court on a showing of good cause *See Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL 4517953, at *3-4 (E.D. Tex. Oct. 10, 2017) ("the Local Patent Rules require new theories of infringement to be presented in infringement contentions" and "a belated effort to amend infringement contentions, as here, requires leave of [C]ourt, which in turn requires a showing of good cause"); *see also* L.P.R. 3-6.

Because Stellar never asked for or obtained the Court's permission to assert DOE, Stellar may not pursue that theory at trial. 2017 WL 4517953, at *6 ("preclud[ing] [patentee] from presenting any doctrine of equivalents theory at trial" where it never sought leave of Court to amend its contentions to assert that theory). And "reserving the right" to assert DOE is not permitted. *Smart Path Connections, LLC v. Nokia of Am. Corp.*, 2024 WL 992147, at *2 (E.D. Tex. Mar. 6, 2024) (an expert's "opening report providing boilerplate reference to the doctrine of equivalents does not reserve some right for [patentee] to provide actual arguments under the doctrine later"); *Sycamore IP Holdings,* 2017 WL 4517953, at *3 ("Courts in [E.D. Texas] have

been clear that doctrine of equivalents theories must be laid out in detail in a party's infringement contentions" and "boilerplate" or "placeholder" DOE allegations are insufficient to maintain a DOE theory for trial); *see also Eolas Techs. Inc. v. Amazon.com, Inc.*, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016) (patentee's "boilerplate" DOE reservation insufficient).[1]

It is black letter law that summary judgment is appropriate where there is an absence of evidence to support a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). And there is no evidence to support DOE infringement here – not only did Stellar fail to disclose the DOE theory, it also admits that it has no present evidence to support it and is simply "reserving its right" in case there are changes in the record. Dkt. 122 at 1-2, 13-15. But that amorphous anticipation and impermissible reservation are no basis to avoid summary judgment. *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed. Cir. 1992) (rejecting as "legally incorrect" patentee's argument that "it had no duty to submit evidence with respect to infringement under the doctrine of equivalents" in opposition to summary judgment motion).[2]

Despite admitting it has no current DOE infringement theory, Stellar offers three reasons to preserve DOE in this case. All three fail.

***Alleged Non-Disclosure Of Infringement Defenses.*** First, Stellar asserts that it should be allowed to reserve DOE for possible presentation at trial because Motorola did not disclose

---

[1] Nor is this Court alone in enforcing such rules. *See, e.g., Sonos, Inc. v. D&M Holdings Inc.*, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) (excluding DOE theory not disclosed in "final infringement contentions, except in the form of a boilerplate reservation of right to assert the doctrine of equivalents at some later point.").

[2] *See also Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 2014 WL 12597150, at *18 (C.D. Cal. June 13, 2014) ("To avoid summary judgment of non-infringement under the doctrine of equivalents, a patentee must do more than raise the possibility that infringement may be found under the doctrine; it must present facts to show a genuine issue for trial.").

"the absence of a 'circular buffer'" as a basis for non-infringement until the expert discovery phase. Dkt. 122 at 14. But this assertion is incorrect.

In its responses to Stellar's very first set of interrogatories served March 19, 2024 (7 months after the filing of the Complaint), Motorola identified particular limitations of the asserted patent claims that it contends are missing from the accused products, including a "circular buffer," "memory loop," and "buffer" as claimed. Ex. 13. As of April 18, 2024, therefore, Stellar was on notice that Motorola disputed the presence of these claim limitations in the accused products. Motorola made that non-infringement disclosure: 1 full month before Stellar's opening claim construction brief (May 17, 2024; Dkt. 36); nearly 2 months before Stellar's reply claim construction brief (June 7, 2024; Dkt. 38); over 4 months before Stellar moved to amend its infringement contentions (August 23, 2024; Dkt. 54); over 4 months before the Court held the claim construction hearing (August 28, 2024; *see* Dkt. 59); nearly 6 months before Stellar served the original opening infringement report from Mr. McAlexander (October 16, 2024; Dkt. 77-02); and nearly 8 months before Stellar served the supplemental opening infringement report from Mr. McAlexander (December 13, 2024; Dkt. 112-02).

Stellar thus had ample time during fact discovery, during claim construction, and in the lead-up to its infringement expert reports to develop and disclose any doctrine of equivalents infringement contentions. *See Smart Path Connections*, 2024 WL 992147 at *2 (where accused infringer's interrogatory response disclosed its non-infringement contentions, patentee had no basis for not providing substantive DOE contentions in opening infringement expert report). Yet Stellar never, at any time, made any attempt to supplement any of its LPR Infringement Contentions, discovery responses, or Mr. McAlexander's expert reports to include any DOE contentions regarding the "circular buffer," "memory loop," or "buffer" claim limitations that

Motorola contended in April 2024 were not present in any of the accused products.[3]  And, furthermore, because Stellar never properly disclosed any DOE theory or contentions, the Court and the parties never had the opportunity to address whether any of the multiple legal limitations on the DOE would preclude its application here.  *See Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1330 (Fed. Cir. 2019) (explaining that the Supreme Court and the Federal Circuit "have placed important limitations on a patentee's ability to assert infringement under the doctrine of equivalents," including prosecution history estoppel, the claim vitiation rule, the disclosure-dedication rule, and the rule against ensnarement of the prior art).

***Alleged Failure To Seek Construction.***  Stellar also repeatedly argues that it is somehow "unfair" for Motorola to maintain that a particular claim term is not literally present in the accused products if Motorola did not request a construction or the Court did not construe that claim term.[4]  According to Stellar, it should be entitled to "reserve the right" to assert the DOE at trial for any such "unconstrued" claim terms.  This is simply not the law.  An accused infringer's non-infringement positions are not limited to those patent claim terms that a court has formally

---

[3] Stellar also references an alleged "late-stage claim construction issue," pointing to Dr. Sarhan's report served October 16, 2024, and Dr. Almeroth's report served November 6, 2024. Dkt. 122 at 14-15.  But Stellar never moved to strike or challenge any aspect of the Sarhan or Almeroth reports, never raised any such "belated" claim construction issue with the Court (or with Motorola), never requested supplemental claim construction briefing, and never addressed any such claim construction issue in any of Mr. McAlexander's later expert reports served on November 6, 2024, and December 13, 2024.  Stellar's (and Mr. McAlexander's) inaction belies the existence of a legitimate claim construction issue.

[4] *See* Dkt. 122 at 2 ("Stellar's reservation of rights is justified because Motorola … may still attempt to assert that terms not previously construed are *not* literally present in the accused products") (emphasis in original); *id*. at 13 ("in the event Motorola asserts that a specific element is not literally present in the accused products and such element corresponds to a claim term for which Motorola did not seek a construction, Stellar respectfully reserves the right to assert that the element is present under the DOE"); *id*. at 15 ("Stellar respectfully reserves the right to assert the DOE should Motorola claim that a term not previously construed is not literally present in the accused products.").

construed. *Innovation Scis., LLC v. Amazon.com, Inc.,* No. 4:18-CV-474, 2021 WL 2075677, at *9 (E.D. Tex. May 24, 2021) ("[T]he Court already clarified that experts could opine to the ordinary meaning of claims that were either not construed at all, or construed to their plain meaning."), *aff'd*, No. 2021-2111, 2022 WL 2824675, at *9 (Fed. Cir. July 20, 2022).

*GREE, Inc. v. Supercell Oy* illustrates this principle in action. In that case, the defendant's infringement expert offered the opinion that a particular element ("the template related to the different player"), an element not construed by the Court, was not satisfied in the accused products. 2020 WL 3893697, at *1-2 (E.D. Tex. July 9, 2020). Plaintiff sought to strike that opinion, but the Court disagreed, finding that the expert was giving an opinion as to non-infringement based on the understanding of a person of skill in the art, which was "properly presentable to the jury." *Id.*

Stellar's reservation argument also makes no practical sense. Not every claim term is construed in every case; indeed, in this case the Court's forthcoming claim construction ruling will not address any disputed claim terms in 4 of the 8 asserted patents. *See* Dkt. 37 at 1-2; Dkt. 39. Were Stellar right, every plaintiff would preserve every possible defense unless every court construed every term. But the courts are not (and should not be) required to undertake such a burdensome, unnecessary exercise. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F. 3d 1351, 1362 (Fed Cir. 2008) (not every claim term must be construed).

In fact, construction is not always necessary. Terms that are not construed are understood as having their plain and ordinary meaning to one of skill in the art, and the parties try the case based on that understanding. *GREE,* 2020 WL 3893697, at *1-2. It is, in fact, Stellar's attempted unlimited DOE "reservation" that would be "unfair," if permitted. Unsurprisingly, Stellar cites no contrary law from this or any other court, and this excuse also fails.

***Alleged "Equities."*** Finally, Stellar argues that reserving the right to assert a previously-undisclosed DOE infringement theory at trial "is necessary to safeguard the patentee's rights and to promote equitable outcomes in patent litigation." Dkt. 122 at 15. But DOE is "the exception, however, not the rule," and is not merely "the second prong of every infringement charge, regularly available to extend protection beyond the scope of the claims." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir. 1991). "The doctrine of equivalents is not a talisman that entitles a patentee to a jury trial on the basis of suspicion; it is a limited remedy available in special circumstances, the evidence for which is the responsibility of the proponent." *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1210 (Fed. Cir. 2001).

Stellar has presented no DOE evidence—and no DOE theory—much less anything sufficient to defeat summary judgment on DOE infringement. Motorola's motion should be granted and the undisclosed, unsupported DOE "theory" should not survive to trial.

## B.    The Court Should Also Grant Summary Judgment On Stellar's Literal Infringement Theory.

Stellar did disclose a literal infringement theory and provided an expert report purporting to support it. But Stellar and Mr. McAlexander thoroughly failed to explain this theory.

As discussed in Motorola's accompanying Motion to Strike Mr. McAlexander's report, the basic point is uncontested: an expert must do more than say "here is evidence and based on that evidence I conclude there is infringement." Rather, the expert must explain how that evidence shows infringement; in other words, the expert must connect the dots between the evidence of how the accused products operate and the claims, explaining the "how" and the "why" of the infringement. *Mettler-Toledo, Inc. v. Fairbanks Scales, Inc.*, No. 06-CV-97, 2008 WL 11348468, at *4 (E.D. Tex. Oct. 27, 2008). Mr. McAlexander failed to do that, and as a result his report must be struck, as explained in Motorola's Motion to Strike.

For that reason alone, summary judgment of non-infringement of no literal infringement should be granted.  In opposition, Stellar argues that expert opinion on infringement is not always required.  True, it is not required in every case that an expert opine as to infringement.  Some cases are so simple that expert testimony is unnecessary.  But this is not such a case.  This case involves complex technical issues around the structure and operation of the memories in the accused Motorola in-car video camera systems and body-worn cameras used by police.  These technical issues are not within the common understanding of a lay juror, and as a result an expert's testimony is necessary to establish infringement.

The Federal Circuit provided instructive guidance in *Centricut v. Esab Group*, 390 F.3d 1361 (Fed. Cir. 2004).  In that case, the trial court found infringement after a bench trial, even though there was not expert testimony supporting the argument for infringement on certain points and there was expert testimony contesting infringement.  More specifically, the issue on appeal was whether Esab satisfied its burden to prove infringement "in the absence of expert testimony comparing the claims as construed with the accused device. "  *Id.* at 1367.  Instead, the plaintiff relied on testimony of the inventor, who was not qualified as an expert.  The Federal Circuit noted "[e]xpert testimony may be similarly important in patent cases involving complex technology" and "that 'typically' expert testimony will be necessary in cases involving complex technology."  *Id.* at 1369-70 (quoting *Schumer v. Lab'y Comput. Sys.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002)).  While the Court did not create a per se rule that expert testimony is necessary to prove infringement with cases involving complex technology, the Court stated:

> Suffice it to say that in a case involving complex technology, where the accused infringer offers expert testimony negating infringement, the patentee cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field. That is what happened here, and the patentee thus failed to satisfy its burden of proof. This case stands as an apt example of what may befall a patent law plaintiff who presents

complex subject matter without inputs from experts qualified on the relevant points in issue when the accused infringer has negated infringement with its own expert.

*Id.* at 1370.

The same result should obtain here.  This case involves complex camera memory technologies with what Stellar claims is "hundreds of pages" of so-called analysis.  But that "analysis" is illusory and Stellar has not properly supported its claim of literal infringement.

In opposition, Stellar cites *WCM Industries v. IPS*, 721 F. App'x 959, 966-68 (Fed. Cir. 2018) to argue that expert opinion on infringement is not required.  But that case centered on analysis of equivalents under the DOE, which Stellar (admittedly) is not pursuing in this case.  Moreover, the technology at issue in that case was lug nuts involved in bathtub waste and overflow drain assemblies.  That technology may be important but, as the Federal Circuit noted, it is "easily understandable without the need for explanatory expert testimony."  *Id.*  This case involves video and camera memory technologies, matters not within the understanding of most people, including typical jurors, emphasizing the need for an expert explanation of infringement.[5]

So, without a viable supporting expert report, summary judgment should be granted on Stellar's claim for literal infringement.  But summary judgment should be granted even if Mr. McAlexander's report is not struck.  This is because even though Mr. McAlexander cited many pages of documents on many pages of his report (a report puffed up by the fact that Mr. McAlexander simply "cut and pasted" the analysis of the common elements that predominate

---

[5] Stellar's remaining case citations are similarly unhelpful.  *Vita-Mix v. Basic Holding*, 581 F.3d 1317, 1326 (Fed. Cir. 2009), and *HVLPO2 v. Oxygen Frog*, 2018 WL 2041372, at *1 (N.D. Fla. Jan. 16, 2018) are both irrelevant, because in both of those cases the court accepted the proffered expert testimony, not striking it as should happen here.  And *Moleculon Research v. CBS*, 793 F.2d 1261, 1263 (Fed. Cir. 1986) involved simple technology -- "a three-dimensional puzzle capable of rotational movement" – not the complex memory technology of this case.

among the highly similar, related patents in suit in this case), all he did was marshal the evidence of how the accused products work. The issue here is not that evidence exists of how the products work. Rather, the issue is whether there is infringement, a matter that, in this case with its complex technology, requires more than simply pointing at evidence and saying "here there be infringement." An expert is required to lead the jury through the comparison of the asserted claims and the evidence about the accused products, something that Mr. McAlexander's report does not do.

That is exactly the point of *Mettler-Toledo*, and many similar cases cited in Motorola's motion, in each of which a claim for infringement failed because of a failure of the expert's report or opinion. *See* Motion, Dkt. 114 at 4-5. Stellar spends two pages of its Opposition purporting to distinguish those cases, pointing out that the defects in the expert's infringement opinion in those cases (ranging from applying the wrong construction to reliance on evidence that contradicted the report) was not exactly the defect here (failing to "connect the dots"). *But those distinctions are without a difference on the critical point – in a case involving complex technology, if the expert materially fails to offer a proper opinion, the claim of infringement fails.* That is exactly what happened in this case, and that is why summary judgment is appropriate.

With respect to Stellar's claim of literal infringement, the Court has a choice – it may grant the Motion to Strike Mr. McAlexander's report then grant summary judgment of no literal infringement, or it may grant summary judgment simply because the report is so wholly lacking in the required explanation of infringement. Either way, summary judgment of no literal infringement is appropriate.

Dated: January 24, 2025

/s/ *John A. Marlott*

John A. Marlott
jamarlott@jonesday.com
Kristina N. Hendricks
khendricks@jonesday.com
Timothy J. Heverin
tjheverin@JonesDay.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Tharan Gregory Lanier
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939

Maeve P. Dineen
mdineen@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: (216) 586-7142

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3939

*Attorneys for Defendants,*
*Motorola Solutions, Inc. and*
*Watchguard Video, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of January 2025, with a copy of this document via the Court's CM/ECF system and electronic mail per Local Rule CV-5(a)(3).

/s/ *Maeve P. Dineen*
Maeve P. Dineen

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k) and Protective Order ¶ 13.3 in this action (Dkt. 26).

/s/ *Maeve P. Dineen*
Maeve P. Dineen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 31st day of January 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Maeve P. Dineen*
Maeve P. Dineen