UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STELLAR, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-750-SDJ |
| | § | |
| MOTOROLA SOLUTIONS, INC, ET AL. | § | |
| | § | |

**ORDER**

The above-captioned case is stayed pending the PTAB's decision on whether to institute inter partes review on the eight patents asserted here. (Dkt. #156). These patents were split into two petitions of four patents (referred to as "First IPR Group" and "Second IPR Group"). Motorola's Second Supplemental Notice Regarding *Inter Partes* Review Filings, (Dkt. #166), provides an update on the status of those institution decisions.

IPRs were instituted for both tranches of patents. (Dkt. #149, #162). Plaintiff Stellar, LLC requested director review of the PTAB's institution decision for the First IPR Group. (Dkt. #166 at 2). The director granted the request and vacated the PTAB's decision to grant institution. (Dkt. #163). By April 28, 2025, Defendants "will seek rehearing of the Acting Director's decision regarding the First IPR Group." (Dkt. #166 at 2).

As to the Second IPR Group, Stellar has likewise requested director review. (Dkt. #166 at 3). The director has not issued a decision on this request. But if the director vacates the institution decisions for the Second IPR Group, then Defendants will seek rehearing of that decision too. (Dkt. #166 at 3).

Because the institution decisions remain subject to ongoing review and appeal, Defendants believe that "the Court should maintain the present stay of this case pending the resolution of the challenges to the PTAB's institution decisions, as well as any appellate challenges to the actions of the USPTO Acting Director in the unique factual circumstances here." (Dkt. #166 at 3). The Court therefore ordered Stellar to file a notice as to whether "the case should remain stayed pending the ultimate resolution of all appeals related to the institution decisions of both the First IPR Group and the Second IPR Group." (Dkt. #167).

Stellar's notice stated that it did not oppose continuing the stay for that reason. (Dkt. #168). But Stellar also requested that after the IPRs were resolved, the Court should "lift the stay in its entirety thereafter to allow the parties to reestablish a trial date on the Court's calendar." (Dkt. #168 at 2). This request, however, ignores the twenty-nine pending motions before this Court that must be resolved before a trial date can be set. Therefore, after full consideration, the Court **ORDERS** this case remain **STAYED** pending the PTAB's ultimate resolution of the First IPR Group and the Second IPR Group; and pending the Court's resolution of Stellar's motion to amend its infringement contentions, Motorola's motions to strike, Motorola's motions for summary judgment, and the parties' numerous motions to seal. Because this stay moots Stellar's currently pending motion to stay, (Dkt. #151), that motion is **DENIED as moot**.

## I. BACKGROUND

Plaintiff Stellar alleges that Defendant Motorola has infringed and continues to infringe eight of its patents. (Dkt. #1). As a result of this alleged infringement, Stellar seeks compensatory damages. As it currently stands, the case has been pending for almost 20 months. Discovery is complete, and the final pretrial conference was scheduled for June 18, 2025. But in light of the PTAB's institution decisions on several of the patents in this case, all hearings and deadlines were stayed two months ago. (Dkt. #156).

Turning to the case docket, the Court has before it several filings that must be reviewed and pending motions that must be resolved. Only after resolving these motions can the Court consider setting a trial date. Those motions and filings include the following:

1. Stellar's motion to amend its infringement contentions and related briefing (Dkt. #54, #58, #64, #67)
2. Motorola's three motions to strike and related briefing (Dkt. #77, #90); (Dkt. #79, #88, #99, #102); (Dkt. #112, #123, #131, #140)
3. Motorola's two motions for summary judgment and related briefing (Dkt. #114, #122, #133, #141); (Dkt. #116, #126, #135, #137)
4. Motorola's motion to stay and related briefing/notices (Dkt. #151, #155, #159, #162, #163, #164, #165, #166, #168)
5. The parties' motions to seal (Dkt. #76, #78, #87, #89, #98, #101, #111, #113, #115, #120, #121, #125, #130, #132, #134, #136, #138, #139, #150, #154, #158, #161)

The Court therefore considers whether a stay is warranted.

## II. LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-

CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). How to best manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

## III. Discussion

Even if the PTAB were not currently considering whether to vacate one or both sets of its IPR institution decisions, the set of twenty-nine pending motions before the Court requires a stay. The motion to amend, three motions to strike, and two motions for summary judgment each bear on what evidence, theories, and issues remain for trial. Absent the Court's resolution of all these pending motions, neither the parties nor the Court can even begin to consider a trial date.

Based on the current uncertainty as to the PTAB's IPR decisions, along with the number of motions and related filings the Court must review, resolve, or both before trial, (Dkt. #54, #58, #64, #67, #76, #77, #78, #79, #87, #88, #89, #90, #98, #99, #101, #102, #111, #112, #113, #114, #115, #116, #120, #121, #122, #123, #125, #126, #130, #131, #132, #133, #134, #135, #136, #137, #138, #139, #140, #141, #150, #151, #154, #155, #158, #159, #161, #162, #163, #164, #165, #166, #168), a stay is warranted.

## IV. CONCLUSION

It is therefore **ORDERED** that all deadlines and hearings scheduled in this matter are **STAYED** pending the PTAB's ultimate resolution of Motorola's IPRs and the Court's resolution of the motions listed above. *See supra* Part I.

It is further **ORDERED** that Motorola's Opposed Motion for Stay Pending *Inter Partes* Reviews, (Dkt. #151), is **DENIED as moot**.

**So ORDERED and SIGNED this 21st day of April, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE